## SOLIMANDO, etc. v INTERNATIONAL MEDICAL CENTERS, INC., et al.

### Case No. 87-1686CA

Sixth Judicial Circuit, Pasco County

August 19, 1991

### OPINION OF THE COURT

W. LOWELL BRAY, JR., Circuit Judge.

### *ORDER GRANTING DEFENDANTS', WILLIAM J. YOUNG, M.D. AND ALOHA MEDICAL CENTER, RENEWED MOTION FOR ATTORNEY'S FEES*

Plaintiff herein, MICHAEL J. SOLIMANDO, SR., as Personal Representative of the Estate of Marion Solimando, Deceased, filed suit against Defendants, WILLIAM J. YOUNG, M.D. and ALOHA MEDICAL CENTER, and other defendants alleging damages caused by negligent medical treatment of the plaintiff. An early ruling of this Court (the nature of which is irrelevant here) affecting all defendants

was appealed, and in *Solimando v International Medical Centers, H.M.O.,* 544 So. 2d 1031 (Fla. 2d DCA), this Court was reversed.

Subsequent to this appeal, on March 5, 1990, the plaintiff filed a voluntary dismissal of defendants, ALOHA MEDICAL CENTER and WILLIAM J. YOUNG, M.D. On April 4, 1990, defendants, ALOHA MEDICAL CENTER and WILLIAM J. YOUNG, M.D., filed their motions to tax attorney's fees under Florida Statute 57.105. This Court granted the motions in an order entered on June 1, 1990. That order was reversed by the District Court of Appeals in *Michael J. Solimando, as personal representative of the estate of Marion Solimando, deceased v Aloha Medical Center and William J. Young, M.D., Case No. 90-1925, wherein the Court said:*

> "After remand the trial court should determine whether Solimando's claim against the respondents is wholly without basis in the law or fact. If so, it should enter a proper order to that effect; if not, it should deny respondents' motion for fees."

The plaintiff argues that since its complaint was well and properly pled and since there was an issue of law (affecting the defendants, ALOHA MEDICAL CENTER and WILLIAM J. YOUNG, M.D.) which was ruled upon in the first appeal, the Court cannot enter an award of attorney's fees under that statute. They argue, in effect, that a plaintiff can sue a complete stranger against whom he has no arguable claim of any type and still escape responsibility for attorney's fees as long as plaintiff pleads artfully and uses the Supreme Court approved forms of pleading. This argument is based on a reading of the statute that would require the court to find both that there was no justifiable issue of fact and that there was no justifiable issue of law. This Court declines to interpret the statute in that manner.

The Court finds that there was no justifiable issue of fact with respect to the defendants, ALOHA MEDICAL CENTER and WILLIAM J. YOUNG, M.D., because there was no arguable claim against them. Therefore, as a matter of law, there can be no justifiable issue of law, and the suit was frivolous, and it is therefore

ORDERED AND ADJUDGED that the defendants', ALOHA MEDICAL CENTER and WILLIAM J. YOUNG, M.D., motion is granted and a further evidentiary hearing upon the issue of the amount of fees to be awarded may be set.

Should plaintiff feel that it has had inadequate opportunity to present evidence that it did in fact have some actual grounds for the claim against defendants, WILLIAM J. YOUNG, M.D. and ALOHA MEDICAL CENTER, it may, within fifteen (15) days, of this order request

**199**

a hearing on that issue alone. The Court will not hear reargument of the law on this matter.

DONE AND ORDERED in Chambers, at New Port Richey, Pasco County, Florida, this 19th day of August, 1991.